IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD MEYER,

    Plaintiff,

v.                                                  Case No. 6:16-cv-01205-JTM-TJJ

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Richard Meyer's Motion to Remand the action to state court (Dkt. 8). For the reasons that follow, the court finds that the motion should be granted.

Plaintiff filed this action in Reno County District Court, alleging that he was injured while driving a car across some railroad tracks in Hutchinson, Kansas. The complaint alleged that Union Pacific employees negligently failed to activate a crossing signal and arm, causing a collision between plaintiff's car and an "anchor applicator," a piece of heavy equipment used for anchoring rail lines. The complaint prayed for damages "in an amount less than $75,000." Dkt. 1-2 at 3.

Union Pacific removed the action, asserting that the amount in controversy actually exceeded $75,000, and that this court had jurisdiction based on diversity of citizenship. *Citing* 28 U.S.C. § 1332.  Plaintiff moved to remand, arguing the amount in controversy, as shown by the complaint, was insufficient under § 1332. Union Pacific opposed the motion, arguing that a demand letter received from plaintiff before the

action was filed showed that he sought damages of more than $75,000. At a subsequent status conference with the Magistrate Judge, plaintiff stipulated that he seeks less than $75,000 in damages, and that he will not demand or accept more than $60,000 in damages for the accident. Dkt. 14. As the court understands it, defense counsel agreed at the status conference that this stipulation was dispositive of the motion to remand.

A federal district court does not have subject matter jurisdiction under § 1332(a) unless the amount in controversy exceeds $75,000. In a removal case, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," although the notice of removal may assert a different amount if the complaint seeks nonmonetary relief or if "the State practice … permits recovery of damages in excess of the amount demanded," and the court finds by a preponderance of the evidence that the amount in controversy exceeds the threshold. 28 U.S.C. § 1446(c)(2). The burden is on the party requesting removal to set forth the underlying facts supporting its assertion. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012); *McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008).

The amount in controversy is determined as of the time of removal, and events thereafter that reduce the recoverable amount (including a stipulation by the parties) do not divest the court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Where the amount in controversy at the time of removal is unclear, however, the court may consider extrinsic evidence that clarifies the amount. *See McPhail*, 529 F.3d at 955-56. Based on the record and the parties' representations to the court, the court concludes that the amount alleged by plaintiff in the complaint in this

2

instance was made in good faith, and that defendant concedes it cannot meet its burden of showing by a preponderance of evidence that the amount in controversy in fact exceeded $75,000. *See Butler v. Target Corp.*, 2012 WL 5362974 (D. Kan. Oct. 31, 2012) (defendant failed to carry burden of showing amount was greater than allegation in the complaint).

**IT IS THEREFORE ORDERED** this 23rd day of August, 2016, that plaintiff's Motion to Remand (Dkt. 8) is GRANTED. The action is hereby remanded to the District Court of Reno County, Kansas.

                                                ___s/ J. Thomas Marten_____
                                                J. THOMAS MARTEN, JUDGE